IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LESTER MATHEWS SHARPTON,<br><br>Defendant/Movant. | Cause No. CR 10-105-GF-BMM<br>CV 16-079-GF-BMM<br><br>ORDER DENYING<br>§ 2255 MOTION AND DENYING<br>CERTIFICATE OF APPEALABILITY |

This case comes before the Court on a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Defendant Sharpton is a federal prisoner proceeding pro se. He seeks relief under the rule of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

1

Sharpton pled guilty to one count of accessing child pornography with intent to view it, a violation of 18 U.S.C. § 2252A(a)(5)(B). The base offense level was 18. Sharpton received several substantial upward adjustments and a two-level downward adjustment for acceptance of responsibility for a total adjusted offense level of 32. His criminal history category was I. The advisory guideline range was 121 to 151 months. Sharpton was sentenced to serve 144 months. *See* U.S.S.G. § 2G2.2(a)(1), (b)(4), (5), (6), (7)(D); Sentencing Tr. (Doc. 43) at 13:4-21; Judgment (Doc. 34) at 1-3.

Neither the offense to which Sharpton pled guilty nor any part of his advisory guideline calculation required the Court to interpret a residual clause or to determine what constitutes a "crime of violence" or "violent felony." The statutes governing pretrial release, *see* Mot. § 2255 (Doc. 48) at 2 (citing 18 U.S.C. § 3156(a)(4)), have no bearing on Sharpton's conviction or sentence. In effect, Sharpton suggests his viewing of child pornography did not harm any actual children, so it must be unconstitutionally vague to call it a crime. *See id.* at 3-4. *Johnson* does not remotely support that proposition.

A certificate of appealability is not warranted. Sharpton has not made a showing that he was deprived of a constitutional right. Because *Johnson* is not implicated in Sharpton's case, reasonable jurists would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322,

2

327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Sharpton's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 48) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Sharpton files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-79-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Sharpton.

DATED this 5th day of July, 2016.

_____
Brian Morris
United States District Court Judge